IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RECEIVED

2022 AUG -3 PM 1: 12

THOMAS M. GOULD
CLERK, U.S. DISTRICT CO.
TNWD OF TN MEMPHIS

MARK STINSON,

    Plaintiff,

v.                                                      No. 2:21-cv-2759-SHM-tmp

J. DORSEY,

    Defendant.

---

## AMENDED COMPLAINT CHANGE OF ADDRESS
## and RESTRAINING ORDER

---

COMES NOW, the Plaintiff, Mark Stinson, the undersigned in this action, MOVES this

HONORABLE Court, to issue an order for Change of Address and Restraining Order.

### AMENDED COMPLAINT

Pursuant to Rule 52 of FRCP and Rule 8(a)(2)(3) claim for relief, a pleading that states a claim for

relief must contain: (2) a short and plain statement of the claim showing that the pleader is entitled

to relief; and (3) a demand for the relief sough, which may include relief in the alternative or

different types of relief. Buford v. Runyon, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998).

J. Dorsey informed family members that if they assist me in any way, they will be indicted with

me in the conspiracy (2:16-cr-20 247). Dorsey made this statement and other statement like this to

family members during family gatherings; ie birthday party's and holidays events. My family has

always been close and have supported one other to include visiting the prison for other family

members in the past. But there were no family members that visited me while I was incarcerated at

Forrest City, Ar., a short drive across the bridge. This was cruel and unusual punishment were

official conduct which causes personal injury due to recklessness or deliberate indifference, does deprive the victim of liberty. Davidson v. Cannon, 474 U.S. 344, 88 L.Ed.2d 677, 106 S.Ct. 668 1985; The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. The loss of liberty is a sevee form of irreparable injry. Ferrara v. United States, 384 F. Supp. 2D 384 (D.Mass. 2005); Bell v. Hood, 327 U.S. 678, 90 L.Ed. 939, 66 S.Ct. 773, 13 ALR.2d 383 (1946), hold that violation of that command by federal agent acting under color of her authority gives rise to a cause of action for damages consequent upon her unconstitutional conduct. The Western Maid, 257 U.S. 419, 433, 66 L.Ed 299, 303, 42 S.Ct. 159 (1922). Only my youngest two kids, my brother, one cousin and one friend. Which is a small amount of people for my family, visited. I was informed while at a visit that the reason that there are not others family members visiting me, is because they are afraid. There would have surely been more visitors if they were not intimidated, just like my witnesses were intimidated in my federal case (2:16-cr-20247-JTF). United States v. Crawford, 707 F.2d 447 (10th Cir. 1983).

The Plaintiff has never been housed at FCI Memphis. I was imprisoned and housed at FCI Forrest City Low. Then released to the halfway house (RRC) in Memphis, TN Dismas Charity.

In reviewing a pro se complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. §1915(e)(2) and 42 U.S.C. §1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Achcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.

2

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

## CHANGE ADDRESS

The plaintiff is requesting that the Court take note of his new address: 2541 Corporate Avenue. East. #108, Memphis, TN 38 132.

## RESTRAINING ORDER

The Plaintiff is requesting a restraining order against the government and its employees to include informants, police officers, and government officials. The plaintiff is requesting Cease and Desist against the Government. Plaintiff is being followed, his mobile phone (Verizon account) is being tapped and monitored, his home computer is being monitored, his family and close friends do all they can do to avoid contact with the plaintiff, his older kids do not have any contact with him any more like they use to, nor the grand kids, like they use to. All this is due to the government intimidation. United States v. Crawford, 707 F.2d 447 (10th Cir. 1983).

The court notes the well-recognized principle that complaints drawn by pro se litigants are held to a less stringent standard than those drawn by legal counsel. Haines v. Kerner, 404 U.S. 519 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

3

## CONCLUSION

Therefore, Mr. Stinson request that the Court grant Change of Address and Restraining Order.

Respectfully submitted,

Mark Stinson
Reg #29 908-076
2541 Corporate Ave. E. #108
Memphis, TN 38 132
Ph: (901) 542- 1943
Email: mstinson1@bellsouth.net

4